STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-03-018

BARRY MAZZAGLIA,

Plaintiff

**ORDER ON MOTION FOR SUMMARY JUDGMENT AND INJUNCTION**

v.

THOMAS PAPSADORA,

Defendant

SEP 2005

The Court, having reviewed the parties Motions for Summary Judgment, the Affidavits of Thomas Papsadora, and Barry Mazzaglia and the attachments thereto, and Plaintiff's Statement of Material Facts Not in Dispute, and being otherwise fully advised, hereby orders as follows:

1. Defendant's Motion for Summary Judgment is denied on all counts except for Count V . Defendant has not demonstrated any right to use the so-called Third Beach. Plaintiff has demonstrated by virtue of a deed dated June 30, 1992, among other things, that he owns property in Naples, Maine including the property the parties describe as the Third Beach. Since Defendant's Motion is entirely based on the contention that Plaintiff did not own the property in question, the Motion must fail with the exception of Count V. In addition, the Motion does not comply with M.R.Civ.P. 7 for failure to include a Statement of Material Facts Not In Dispute, and is also denied for that reason. Judgment for the defendant on Count V of the complaint.

2. Plaintiff's Motion for Summary Judgment as to liability on Count I is Granted. The deed in to Barry Mazzaglia (since the deeds from Patten Corp. to Barry

Mazzaglia, from Barry Mazzaglia to his father, Vincent Mazzaglia, and from Vincent Mazzaglia back to Barry Mazzaglia all contain substantively the same legal descriptions, the analysis applies to all) includes the property the parties describe as the Third Beach. This is apparent by the metes and bounds description of the property line "by and along the shore," and the presumption that lands bounded on fresh water lakes extend to low-water mark. *Stevens v. King*, 76 Me. 197 (1884), see *Opinions of the Justices*, 118 Me. 503, 106 A.865 (1919); *Wood v. Kelley*, 30 Me. 47 (1849); by the inclusion in the deed description of "the sandy beach and shore area by the State Park," another reference to the property in dispute, by the reference in the deed to the recorded survey, which shows Mazzaglia's property to include the beach. The deed refers to the property as being the land labeled on the survey as "N/F Patten Corp. of Maine (also known as Lot 71) 44.8+/- A. total area." The description on the survey shows the "44.8 +/- A" to include "14.3+/-A in seasonally submerged and sand bars." That survey clearly shows Mazzaglia's property to include, among the "seasonally submerged property and sand bars," the Third Beach area. In addition plaintiff has properly presented his motion and the defendant has not properly refuted it as he has failed to comply with the Court's procedural rules regarding summary judgment.

3. For the reasons set forth above, Plaintiff's Motion for Summary Judgment is Granted as to Count VI. Defendant is hereby enjoined from entering the property represented as "Lot 71" on the plan recorded in Plan Book 185, Page 33 in the Cumberland County Registry of Deeds, including the area shown as "seasonally submerged and sand bars" except with permission of Plaintiff, his successors and assigns.

2

The entry is:

Defendant's motion for summary judgment is granted in part, denied in part. Judgment for the defendant on Count V of the complaint only.

Plaintiff's cross-motion for summary judgment is granted. Judgment for the plaintiff on Counts I and VI of the complaint. The remaining counts or aspects of counts shall be scheduled for trial.

Dated:       September 5, 2003

Paul A. Fritzsche
Justice, Superior Court

Arnold C. Macdonald, Esq. - PL
James Noucas, Jr., Esq. - DEF
Mark F. Sullivan, Esq. (Visiting Atty) - DEF